UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MAXEY,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, et al.,<br><br>    Defendants. | No. 2:14-cv-02507 MCE AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se on his Second Amended Complaint ("complaint") (ECF No. 6), and has requested leave to proceed in forma pauperis. Plaintiff has now submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

I.  SCREENING

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).[1]

---

[1] This is the first Section 1915(e) screening in this lawsuit. Although this order screens the Second Amended Complaint, plaintiff filed the current complaint without waiting for his original or First Amended Complaint to be screened.

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are "clearly baseless." Neitzke, 490 U.S. at 327. Thus, the term "frivolous," when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id., at 325.

Normally, the court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). However, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Therefore, the in forma pauperis statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. Among those "are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id., at 328. This portion of the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Id., at 327.

The court does not exercise this "unusual power" lightly or often. Indeed, the court takes very seriously the following admonition of the Supreme Court:

> An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction." Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).

Denton, 504 U.S. at 33 (emphases added). Nevertheless, when it is appropriate to do so – that is, when the allegations go well beyond "unlikely" or "improbable" and enter the realm of

2

"irrational," "wholly incredible" or "delusional" – the court carries out the intent of the law, and dismisses claims meeting the Neitzke standard. Denton, 504 U.S. at 33 ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

## II.  THE COMPLAINT

The complaint may be divided into two parts. In one part, plaintiff alleges that on or about December 9, 2013, the Sacramento County Sheriff's Department, "broke down Plaintiff's front door, aimed weapons at him, falsely arrested and falsely imprisoned him," all "[w]ithout probable cause." Complaint (ECF No. 6), at 3 ¶ 9. In addition, Sheriff Deputies "used excessive force to physically assault Plaintiff in his home and at Sacramento County Jail." Id., at 26 ¶ 58. Plaintiff further alleges that on or about August 25 and December 9, 2013, and February 13, 2014, Sheriff Scott Jones "illegally used his authority to falsely arrest (without probable cause) and falsely detain Plaintiff for nearly a month." Id., at 28 ¶ 62. Plaintiff also alleges a supplemental state-law claim of intentional infliction of emotional distress against defendant Jones. Id., at 37 ¶ 80, and 38 ¶ 82.[2]

The remainder of the complaint is an elaboration and repetition of three other basic allegations which this court finds to be beyond the scope of credible allegations. To very briefly summarize a very long list of allegations, they are: (1) that "President Barack Obama, Governor Edmund G. Brown, Robert M. Maxey and others tortured Plaintiff with neuro-electromagnetic shock sensations, remote technological harassment, torture, assassination and subsequent remote electronic abuse" (id., at 4-5 ¶ 14);[3] (2) that on or about July 22, 1969, when plaintiff was an infant, through 1976, "the Office of the United States President, United Kingdom and National Republican Party conspired with physicians with the United States Air Force and United

---

[2] See 28 U.S.C. § 1367(a) (supplemental jurisdiction). Plaintiff also seems to be alleging that "defendants" obtained his medical records through subpoenas and disseminated them. See, e.g., id., at 26 ¶ 59 and at 30 ¶ 65. However, the Complaint does not allege facts showing what the claim is.

[3] The complaint identifies Robert M. Maxey as "Pastor with Valley Springs Church." The complaint also names Robert W. Maxey as a defendant, although he is not included in the caption, and he is not otherwise identified.

Kingdom to surgically insert satellite microchip implant technology into Plaintiff's brain, eyes and body" (id., at 17 ¶ 39); and (3) that to hide their misdeeds, defendants developed a cover story to make it look like plaintiff is a mentally ill, homosexual criminal (id., at 6-7 ¶ 24). Throughout the complaint, plaintiff also mentions "human trafficking" and "forced labor," but he does not seem to allege that he was subjected to these things.

## III.  ANALYSIS

For purposes of Section 1915(e), plaintiff's complaint sufficiently alleges Section 1983 claims for unreasonable seizure, excessive force and illegal imprisonment, against Sheriff Scott Jones, as set forth above. See, e.g., Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on his § 1983 claim for false arrest and imprisonment, Cabrera would have to demonstrate that there was no probable cause to arrest him"). Plaintiff may also be able to prevail on his supplemental state claim for intentional infliction of emotional distress against defendant Jones, as set forth above.[4]

However, the court finds that the remainder of the complaint consists largely of repetitive and seemingly fanciful allegations. The court is not required to accept as true plaintiff's allegations that he was assassinated or that satellite microchips were implanted into his infant brain and eyes in 1969, or similar allegations. Nor is it required to accept as true plaintiff's allegations that U.S. Presidents, starting with Richard Nixon, continuing with both Bushes and Jimmy Carter, and on to Barack Obama, together with the Governor of California, the National Republican Party, the CIA, the FBI, doctors from the U.S. Air Force and the United Kingdom, and many, many others, have all conspired to torture and conduct medical experiments on him. The undersigned will therefore recommend that these claims be dismissed with prejudice.

## IV.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 7), is granted.

---

[4] Plaintiff also alleges a state-law defamation claim against defendant Sacramento County District Attorney Jan Scully. However, the complaint does not allege facts showing that this court has supplemental jurisdiction or diversity jurisdiction over this state-law claim between non-diverse parties.

4

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants, except those against defendant Scott Jones, as set forth above in Parts II and III – that is, the Section 1983 Fourth Amendment claims, and the state-law intentional infliction of emotional distress claims – be DISMISSED with prejudice.[5]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[5] The undersigned will refrain from issuing service instructions until the district judge has ruled on these Findings and Recommendations.  Plaintiff should not attempt service of process until he receives those instructions.